IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LENORA WOODWARD**,  )<br>742 Longview Ave.                    )<br>Akron, Ohio 44307,              )<br>                                              )<br>            Plaintiff,               )<br>                                              )<br>v.                                          )<br>                                              )<br>**DIGNITY HEALTH**            )<br>**REHABILITATION HOSPITAL,** )<br>2930 Siena Heights Drive    )<br>Henderson, NV 89052,        )<br>                                              )<br>and,                                     )<br>                                              )<br>**JOHN DOE ENTITIES 1-10,** )<br>                                              )<br>            Defendants.          ) | Case No.<br><br>Judge:<br><br><br><br>**COMPLAINT FOR NEGLIGENCE**<br><br>*(Jury Demand Endorsed Hereon)* |

NOW COMES the Plaintiff, *Lenora Woodward*, and for her Complaint against the Defendants alleges and avers as follows:

## THE PARTIES

1. The Plaintiff, Lenora Woodward, is a real person residing in Akron, Ohio.

2. The Defendant, Dignity Health Rehabilitation Hospital, is a business entity of unknown type that does business in Nevada, among other places.

3. The Defendants, John Doe Entities Nos. 1 – 10, are entities of unknown type and name, and whose identity is presently unknown after reasonable diligence and investigation. These unknown entities may be responsible for all or part of the injuries and damages sustained by the Plaintiff. Upon learning of their identities through discovery, if any, the Plaintiff will

Plaintiff's Complaint - 1

- 1 -

identify said Defendants promptly per the Federal Rules of Civil Procedure and seek leave to amend her pleadings to reflect the accurately named party-Defendant, which amendment would relate back to this Complaint.

## JURISDICTION AND VENUE

4. This is a negligence case. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000 and the action is between citizens of different states. Subject matter jurisdiction is present by way of the Court's diversity jurisdiction.

5. This Court has personal jurisdiction over the Defendant by virtue of their contacts within the State of Ohio, within this judicial district. The Defendant acted negligently in caring for Plaintiff, which resulted in Plaintiff suffering bed sores, and has caused Plaintiff to continue to suffer and be harmed here in Akron, Ohio. The Court has personal jurisdiction pursuant to *International Shoe v. Washington*, 326 US 310 (1945), and F.R.C.P. Rule 4(k)(1)(a).

6. Venue is proper in the Northern District of Ohio because a substantial part of the events and injuries giving rise to the claims occurred in this judicial district, and the Defendant is subject to personal jurisdiction in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. The Plaintiff is a 79-year-old woman. Plaintiff's deteriorating physical condition and health makes it practically impossible for her to proceed with a lawsuit in Nevada, and thus this case is filed under diversity principles here in Akron, Ohio since Plaintiff now resides in Akron.

8. This case involves neglect that occurred while Plaintiff was a resident at Defendant's rehabilitation facility in Las Vegas, Nevada, in which she stayed there from Jan. 1, 2020 to Jan. 17, 2020.  During this stay, Defendant neglected Plaintiff and she suffered bedsores (pressure ulcers) from the neglect. (See photographs of Plaintiff's injuries attached hereto and incorporated herein as "Exhibit 1.")

9. This lawsuit is brought seeking compensatory damages for personal injuries she sustained because of the neglect by Defendant and/or its agents.

10. Bedsores are never excusable and should never happen with proper care.  Bedsores develop when the blood supply is cut off to the skin for more than two or three hours.  Bedsores are easily preventable by turning or repositioning, placing soft padding on beds, keeping skin clear and dry, and by providing proper nutrition.  Plaintiff suffered Stage 4 bedsores at the neglect of Defendant (see Ex. 1.).

## CLAIM NO. 1
*(Negligence)*

11. The Plaintiff hereby incorporates by reference every statement made in this Complaint, whether written above or below, as if each is fully re-written herein.

12. In tort law, whether a defendant owes a duty to a plaintiff depends upon the relationship between them.  *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St. 3d 96, 98.  Whether a duty exists depends on the foreseeability of injury.  *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77.  Injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone.  *Mudrich v. Standard Oil Co.* (1950), 153 Ohio St. 31, 39.

13. Once the existence of a duty is found, a defendant must exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances. *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318.

14. At all times relevant, the Plaintiff was a patient staying at Defendant's rehabilitation center, which she went to following a knee surgery she had to treat injuries she suffered in a motor vehicle accident.

15. The Defendant owed a duty to Plaintiff to exercise ordinary care and to protect her.

16. The Defendant breached their duty of care to the Plaintiff.

17. The Defendant's breach of care proximately caused Plaintiff to be injured.

18. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered personal injuries and damages of a severe and permanent nature, experienced pain, and discomfort, and will continue to experience pain and discomfort in the future.

19. The Plaintiff suffered economic and non-economic damages because of Defendant's neglect.

20. The existence of the bed sores speaks for themselves as to Defendant's neglect pursuant to principles of *res ipsa loquitor*.

### **PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendant on all her claims and requests an award of compensatory damages that is above and beyond the jurisdictional minimum to be later proven at trial; together with interest and attorney's fees; an award of costs; and for any other relief in law or equity that this honorable Court deems just and proper.

# JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Dated: Dec. 31, 2020.

Most Respectfully Submitted,

   __s/ David A. Welling_____
**DAVID A. WELLING (0075934) (lead counsel)**
**C. VINCENT CHOKEN (0070530)**
CHOKEN | WELLING LLP
3020 W. Market Street
Akron, Ohio 44333
Tel.     (330) 865-4949
Fax     (330) 865-3777
davidw@choken-welling.com
vincec@choken-welling.com

*Counsel for the Plaintiff*