**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LENORA WOODWARD, | ) | CASE NO. 5:20-cv-2875 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| DIGNITY HEALTH REHABILITATION | ) | |
| HOSPITAL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Dignity Health Rehabilitation Hospital ("Dignity Health") to dismiss the complaint of plaintiff Lenora Woodward ("Woodward") (Doc. No. 1) for lack personal jurisdiction and improper venue or, alternatively, to transfer this action to the United States District Court for the District of Nevada. (Doc. No. 4 (Motion).) Woodward opposed the motion to dismiss (Doc. No. 6), and Dignity Health filed a reply (Doc. No. 7).

For the reasons that follow, this action is transferred to the United States District Court for the District of Nevada.

## I.   Background

The factual allegations in the complaint are sparse. According to the complaint, Woodward was a resident at Dignity Health's rehabilitation facility in Las Vegas, Nevada, during the period of time between January 1–17, 2020. She alleges in a single claim that Dignity Health was negligent in caring for her during that time and, as a result, she suffered bedsores. (Doc. No. 1 ¶¶ 8, 11–20.)

Woodward presently resides in Akron, Ohio. (*Id.* ¶ 1.) Dignity Health "is a business entity

of unknown type that does business in Nevada, among other places." (*Id.* ¶ 2.) Woodward claims that the amount in controversy for this action exceeds $75,000.00 and brings this case pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. She maintains that this Court has personal jurisdiction over Dignity Health because, as a result of its negligence in Nevada, she continues to suffer and be harmed in Ohio, where she now resides. Woodward further alleges that venue is proper in the Northern District of Ohio because "a substantial part of the events and injuries giving rise to the claims occurred in this judicial district[.]" (*Id.* ¶¶ 4–6.)

Dignity Health moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue. Alternatively, Dignity Health moves to transfer this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a). (*See* Doc. No. 4.)

The Court begins with the threshold issue of personal jurisdiction. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (without personal jurisdiction over a defendant the court lacks jurisdiction to proceed on the merits of the case even if the court has subject matter jurisdiction); *see also Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980) (the propriety of transferring venue under 28 U.S.C. § 1404(a) or § 1406(a) depends upon whether the Court has personal jurisdiction over the defendant).

## II. Discussion

### A. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. Standard of review

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a defendant where the Court lacks personal jurisdiction over the defendant. Woodward bears the burden making a *prima*

*facie* showing that this Court has personal jurisdiction over Dignity Health. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To assert personal jurisdiction over a defendant, a federal court with subject matter jurisdiction pursuant to either 28 U.S.C. § 1331 or § 1332 must find that (1) defendant is amenable to service of process under the forum state's long-arm statute, and (2) the exercise of personal jurisdiction will not deny defendant due process. *See Theunissen*, 935 F.2d at 1459 (diversity); *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002) (federal question); *see also Chapman v. Lawson*, 89 F. Supp. 3d 959, 970 (S.D. Ohio 2015) ("Under Ohio law, personal jurisdiction over non-resident defendants exists only if: (1) Ohio's long-arm statute confers jurisdiction, *and* (2) the requirements of the federal due process clause are met.") (emphasis in original) (citations omitted).

Jurisdiction under Ohio's long-arm statute is governed by Ohio Rev. Code § 2307.382(A). But even if a defendant's contact with the State of Ohio satisfies Ohio's long-arm statute, personal jurisdiction fails unless exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice. This due process inquiry requires determining "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen*, 935 F.2d at 1459 (quoting *Int'l Shoe Co. v. State of Wash.,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

**2. Analysis**

The basis for Dignity Health's Rule 12(b)(2) motion is that Woodward has failed to plead facts which support either step of the two-step inquiry required to determine personal jurisdiction. Dignity Health contends that: (1) Woodward does not plead facts which satisfy any of the nine

bases for jurisdiction under Ohio's long-arm statute, Ohio Rev. Code § 2307.382(A); and (2) that there are no allegations in the complaint that establish specific or general jurisdiction over Dignity Health under the Due Process clause. (Doc. No. 4 at 3–5.) Dignity Health provides no affidavits or other documents in support of its motion, but simply argues that Woodward's allegations in the complaint are not sufficient to support the Court's personal jurisdiction over Dignity Health. Woodward, therefore, "need only present a *prima facie* case for personal jurisdiction, and the Court views the submissions in the light most favorable to the plaintiff."[1] *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 257 F. Supp. 3d 853, 861 (E.D. Mich. 2017) (citing *Theunissen*, 935 F.2d at 1458–59); *see also CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir. 1996) (when no evidentiary hearing is held on the jurisdictional issue, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff and the plaintiff "need only make a *prima facie* showing of jurisdiction.") (citing *Theunissen*, 935 F.2d at 1458).

In response to the motion, Woodward maintains that she has satisfied Ohio Rev. Code § 2307.382(A)(4) of Ohio's long-arm statute; that is, Dignity Health caused a tortious injury to Woodward in Ohio by an act or omission outside the state and "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in [Ohio]." Woodward argues that she suffered neglect at the hands of Dignity Health in Nevada and continues to suffer the resulting injury here in Ohio, and that Dignity Health's interactive website satisfies the "purposeful availment" requirement of

---

[1] "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on [her] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction. . . . Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen*, 935 F.2d at 1458 (internal citations omitted).

4

the due process analysis and, therefore, Dignity Health should have expected to be sued in Ohio where her family took her after leaving its facility in Nevada. (*See* Doc. No. 6 at 2–4.) Like Dignity Health, Woodward provides no affidavits or documentation in support of her opposition to the motion.

Considering the complaint in a light most favorable to Woodward, her allegations do not satisfy § 2307.382(A)(4) of Ohio's long-arm statute. Dignity Health's alleged neglect, causing Woodward to develop bed sores, occurred in Nevada. Plaintiff's tortious injury did not occur in Ohio nor does she allege that any act or omission in Ohio by Dignity Health caused her injury. Continued treatment in Ohio for injuries sustained in Nevada is not sufficient to satisfy § 2307.382(A)(4) and, therefore, Woodward's complaint fails to establish a *prima facie* case of personal jurisdiction over Dignity Health under Ohio's long-arm statute. *See Matthews v. Kerzner Int'l Ltd.*, No. 1:11-cv-417, 2011 WL 4071850, at *4 (N.D. Ohio Sept. 8, 2011) (finding that plaintiff failed to establish personal jurisdiction under Ohio Rev. Code § 2307.382(A)(4) where plaintiff continued to receive treatment in Ohio for an injury he sustained on a waterslide at Atlantis, Paradise Island Resort and Casino when plaintiff does not allege that the injury took place in the State of Ohio or that an act or omission of defendant in the State of Ohio caused the injury) (citing *Robinson v. Koch Ref.,* No. 98AP900, 1999 WL 394512, at *4 (Ohio Ct. App, June 17, 1999) ("a tortious injury is not considered to have occurred in Ohio simply because a party continues to suffer from the effects of the injury after returning to Ohio")); *Simmons v. Budde*, 38 N.E.3d 960, 965–66 (Ohio Ct. App. 2015) (finding that plaintiff failed to present a *prima facie* case of personal jurisdiction under Ohio Rev. Code § 2307.382(A)(4) because her injury did not occur in Ohio where she sought medical treatment and suffered the after-effects for an injury she

undisputedly sustained in a car accident which occurred in Missouri) (citing *Robinson,* 1999 WL 394512, at *4). Because Woodward has not established a *prima facia* case that this Court has jurisdiction over Dignity Health pursuant to Ohio's long-arm statue, the Court need not conduct a Due Process analysis. *See IHF Ltd. v. Myra Bag*, 391 F. Supp. 3d 760, 771 (N.D. Ohio 2019) (citations omitted).

### B. Transfer of Venue to the District of Nevada

If the Court does not dismiss this action, Dignity Health alternatively moves the Court to transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a). But in order to transfer this action under § 1404(a), the Court must have personal jurisdiction over Dignity Health. *Hoffman v. Blaski,* 363 U.S. 335, 343–44, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960) (holding that the transferee court must have personal jurisdiction and proper venue over the action before a transfer under § 1404(a) is proper); *see also Pittock v. Otis Elevator Co.,* 8 F.3d 325, 329 (6th Cir. 1993) ("[A] transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants.") Because the Court has determined that it lacks personal jurisdiction over Dignity Health, it cannot transfer this action to the District of Nevada pursuant to § 1404(a).

That said, the Court has the power to transfer this action *sua sponte* pursuant to §§ 1406(a) and 1631 in the interest of justice. *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003) (quoting 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") and 28 U.S.C. § 1631 (providing that if a federal court "finds that there is a want of jurisdiction, the court shall,

if it is in the interest of justice," transfer the action to a court in which the action could have been brought).

Under 28 U.S.C. § 1391(b), a civil action may be brought in a judicial district in which the defendant resides, a judicial district in which a substantial part of the events giving rise to the claim occurred, or any judicial district in which the defendant is subject to the court's personal jurisdiction. The events giving rise to Woodward's claim against Dignity Health arose in Nevada and, under § 1391(b), venue is proper in the District of Nevada.

Both sides ask this Court to transfer this action to the District Court of Nevada as an alternative to their main arguments. In opposing Dignity Health's motion to dismiss, Woodward requests that the Court to transfer this action to the District of Nevada pursuant to § 1631 (rather than dismiss the case for lack of personal jurisdiction) because of concerns regarding the Nevada's statute of limitations. (Doc. No. 6 at 6.)

Rather than dismiss this action for lack of personal jurisdiction and for improper venue, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the District of Nevada, and exercises its discretion to do so. *See Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 484 (6th Cir. 2009) (finding that the district court abused its discretion by failing to consider the propriety of transfer pursuant to § 1631 and dismissing case without determining whether a transfer would be in the interest of justice: "[T]he reasons for transferring a case to a proper forum rather than dismissing 'are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits.'") (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at

587 (3d ed. 2007)); *cf. Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012) (district court did not abuse its discretion by failing to *sua sponte* transfer venue to the Middle District of Florida where plaintiff did not seek transfer in face of defendant's motion to dismiss).

### III. Conclusion

For all the foregoing reasons, the Court finds that Woodward has failed to establish that the Court has personal jurisdiction over Dignity Health, but declines to dismiss this action for lack of personal jurisdiction and improper venue. Instead, because both parties seek transfer as an alternative to dismissal, and in the interest of justice, the Court *sua sponte* transfers this action to the United States District Court for the District of Nevada. An Order of Transfer will be separately published.

**IT IS SO ORDERED**.

Dated: August 30, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**